IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DAVIDSON-SCHRADER,

       Petitioner,        Civil No. 09-517-AA

       v.                ORDER

JOHN KROGER, et al.,

       Respondents.

AIKEN, District Judge.

    Petitioner is on escape status from the Oregon Department of Corrections, but portions of ODOC sentences remain unfulfilled pursuant to two judgments: (1) the Judgment, dated January 14, 1988, fro Multnomah County Circuit Court Case No. C86-11-35775, after a conviction for Felon in Possession of a Weapon; and (2) the Amended Sentence Order, dated February 25, 1988, from Lane County Circuit Court Case No. 10-87-05758, after convictions on 20 counts of Forgery in the First Degree.

1 - ORDER

Exhibit 101.  Petitioner was sentenced to five years' imprisonment on the Felon in Possession of a Weapon conviction and to five years' imprisonment, with a two and one-half year minimum, on each of the 20 forgery convictions.  Id.  In total, petitioner was sentenced to 20 years' imprisonment, with a ten year minimum.

Petitioner did not appeal his convictions or seek post-conviction relief.

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Oregon, Case No. 04-407-JE, pursuant to 28 U.S.C. § 2241, in which he sought to challenge a detainer lodged against him by the State of Oregon.  Petitioner alleged that the detainer violated his right to due process because the Oregon Attorney General "relinquished jurisdiction to the federal authorities, thereby allowing his state and federal sentences to expire simultaneously."  Exhibit 105 at pp. 3-4.  Because petitioner attacked the validity of his future confinement within the Oregon Department of Corrections, the district court converted the case to a 28 U.S.C. § 2254 action.  The district court ultimately dismissed the petition and the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability. Ex. 106-107, 109.

On May 8, 2009, petitioner filed a petition for habeas

2 - ORDER

corpus relief under 28 U.S.C. § 2254, challenging the State of Oregon's "unlawful detainer on petitioner." Petition (#2) p. 3.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) places strict limitations on the ability of prisoners to file a second or successive petition for habeas corpus relief. One of the limitations of 28 U.S.C. § 2244(b)(3)(A). which requires that a petitioner must obtain the permission of the Court of Appeals before filing a second or successive petition in the District Court. If a petitioner does not do so, the District Court has no jurisdiction to consider the petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270 (9th Cir. 2001).

In this case, petitioner has failed to demonstrate that he has received the required certification from the Ninth Circuit Court of Appeals to file a second or successive § 2254 petition. Accordingly, petitioner's Petition (#2) is denied without prejudice. Petitioner's "Supplemental Motion in Support" (#21) is denied. This proceeding is dismissed.

IT IS SO ORDERED

DATED this <u> 1 </u> day of September, 2009.

                         /s/ Ann Aiken
                      Ann Aiken
                      United States District Judge